UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWYLLA TAUTAU, | No. 2:19-cv-826-JAM-EFB PS |
| Plaintiff, | |
| v. | ORDER |
| LOS ANGELES POLICE DEPARTMENT, LOS ANGELES DISTRICT ATTORNEY'S OFFICE, PENTECOSTAL ASSEMBLIES OF THE WORLD, | |
| Defendants. | |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] Her declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint must be dismissed for failure to state a claim.

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

1   Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,
2   520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it
3   fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
4   *Corp. v. Twombly*, 550 U.S. 544, 562-563, 570 (2007) (citing *Conley v. Gibson*, 355 U.S. 41
5   (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of
6   his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
7   a cause of action's elements will not do. Factual allegations must be enough to raise a right to
8   relief above the speculative level on the assumption that all of the complaint's allegations are
9   true." *Id*. at 555 (citations omitted). Dismissal is appropriate based either on the lack of
10  cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal
11  theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12  Under this standard, the court must accept as true the allegations of the complaint in
13  question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the
14  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
15  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading
16  requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a
17  complaint to include "a short and plain statement of the claim showing that the pleader is entitled
18  to relief, in order to give the defendant fair notice of what the claim is and the grounds upon
19  which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley*, 355 U.S. at 47).

20  Here, the complaint's limited allegations are insufficient to state a claim. Plaintiff asserts
21  that she "recently acquired a large gathering of the opposite (sex) persuasion." ECF No. 1 at 6.
22  She claims she has been videotaped, harassed, and followed, and that she has had to go into
23  hiding because she and her family are in grave danger. *Id*. She also alleges that she recently
24  learned that she is "under federal investigation and an indictment," but she has yet to receive any
25  documents relating to criminal charges. *Id*.

26  The complaint does not identify any specific cause of action, nor does it identify the
27  specific statute or constitutional provision the defendants purportedly violated. Indeed, the
28  complaint is devoid of any allegations concerning the three named defendants: the Los Angeles

Police Department, the Los Angeles District Attorney's Office, and the Pentecostal Assemblies of the World. Accordingly, plaintiff's complaint must be dismissed for failure to state a claim. *See Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (a complaint must give fair notice and state the elements of the claim plainly and succinctly).

Plaintiff is granted leave to amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Any amended complaint must allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against each defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

III.  Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: August 6, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE